United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TIBBETTS,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 3:22-cv-00898-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

Plaintiff Michael Tibbetts challenges a decision by a Social Security Administration (SSA) administrative law judge (ALJ) that denied his application for disability benefits under Title II and Title XVI of the Social Security Act. Dkt. No. 1. The parties filed cross-motions for summary judgment. Dkt. Nos. 13, 14. Tibbetts also filed a reply brief in opposition to the Commissioner's cross-motion and in support of his motion for summary judgment. Dkt. No. 15. Tibbetts's motion is granted, and the case is remanded to the SSA for further proceedings consistent with this order. Defendant's motion is denied.

In a decision dated December 29, 2020, the ALJ found that Tibbetts suffers from a number of severe impairments, including "right wrist radial motor palsy; left knee degenerative joint disease; obesity; and anxiety disorder." Administrative Record, Dkt. No. 12-3 (AR) at 17. The ALJ also found that Tibbetts suffers from a number of mental impairments, namely, "mild limitation in the area of understanding, remembering, or applying information" and "moderate limitation in the area of concentrating, persisting, or maintaining pace." AR 18. The ALJ found that Tibbetts has the residual functional capacity (RFC) to perform "medium work" with the following limitations:

> [L]ift or carry occasionally 50 pounds, frequently 35 pounds and continuously 25 pounds; push or pull 49 pounds; stand or walk 8 hours of an 8 hour workday; sit 8

hours of an 8 hour workday; occasionally climb ladders, ropes or scaffolding; frequently climb ramps or stairs; frequently stoop, squat, crouch or kneel; can continuously reach overhead and straight out to the front, grasp, grip, and handle; can continuously use a keyboard and mouse; cognitively capable of understanding complex tasks; can maintain attention to job duties for 95% of the workday; and no exposure to unguarded heights.

AR 19. Given Tibbetts's RFC, the ALJ concluded that he "is capable of performing past relevant work as a plasterer" and that consequently he was not disabled under sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022) ("[A] claimant is not disabled if her residual functional capacity allows her to perform past relevant work.").

Judicial review will disturb an ALJ's decision to deny benefits only "if it is not supported by substantial evidence or it is based on legal error" that is not harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation and citation omitted).

Tibbetts argues that the ALJ erred by failing to address the mild and moderate mental impairments that he found credible when formulating the RFC assessment. Dkt. No. 13 at 5-12. According to Tibbetts, the issue is not that the ALJ was categorically required to include limitations in the RFC that corresponded to his mental impairments, but that the ALJ "fail[ed] to explain how [his] mild to moderate mental limitations would impact [his] ability to perform his past relevant skilled work." Dkt. No. 15 at 2. The Commissioner responds that "the ALJ accommodated [Tibbetts's] mental limitations by assessing he could maintain attention to job duties for most, but not all, of the workday" -- that is, 95% of the workday. Dkt. No. 14 at 5 (citing AR 19).

"In determining a claimant's residual functional capacity, the ALJ must consider all of a claimant's medically determinable impairments, including those that are not severe." *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014) (citing 20 C.F.R. § 404.1545(a)(2)). While the ALJ said that his RFC assessment "reflect[ed] the degree of limitation [he] found in the . . . mental function analysis," AR 18, and included one attention-related limitation, AR 19, the ALJ did not directly confront Tibbetts's mild and moderate mental impairments in the RFC assessment. At most, when discussing the relative persuasiveness of different medical opinions, the ALJ observed

2

that Dr. Ute Kollath -- whose opinion he found persuasive -- "examined the claimant and noted adequate concentration but impaired attention as indicated by the claimant's recall of 3 out of 4 digits in reverse." AR 21; *see also* AR 625-28 (report of Dr. Kollath). But Dr. Kollath also concluded that Tibbetts was impaired in his ability to maintain adequate pace or persistence to perform complex tasks, mildly impaired in his ability to follow complex/detailed instructions, and moderately impaired in his ability to maintain adequate attention/concentration. AR 628. Because the ALJ did not explain how he accounted for Tibbetts's mental impairments, the Court cannot be sure that he fulfilled his obligation to consider those impairments -- including as documented in an opinion he found persuasive -- in conducting the RFC assessment.

This error was not harmless. Our circuit has stated that an error is harmless only "when it was clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (internal quotation and citation omitted). On this record, the Court cannot say that the error was inconsequential. Because this alone is sufficient for remand, the Court declines to reach Tibbetts's other arguments of error in the ALJ's decision.

## CONCLUSION

The ALJ's decision to deny benefits is vacated, and the case is remanded to the SSA for further consideration of Tibbetts's application in a manner consistent with this order.

**IT IS SO ORDERED.**

Dated: November 4, 2022

JAMES DONATO
United States District Judge

3